# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DVONTA AMES,

                Petitioner,

v.

JASON WELLS,

                Respondent.

Case No. 22-CV-1548-JPS

**ORDER**

On December 27, 2022, Petitioner Dvonta Ames ("Ames" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 5, 2023, Ames paid the filing fee. The Court screens his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

**1.     FACTUAL BACKGROUND**

A jury convicted Ames of one count of possession of a firearm by a felon as a habitual offender and one count of possession with intent to deliver between five and fifteen grams of cocaine as a second or subsequent offense. ECF No. 1 at 2. According to Ames, he was sentenced to a term of nine years initial confinement and eight years extended supervision. *Id.*

Ames filed a direct appeal to his judgment of conviction in the Wisconsin Court of Appeals. *State v. Ames*, No. 2019AP1442-CRNM, 2022 WL 2813816, at *1 (Wis. Ct. App. July 19, 2022). In that appeal, he argued that: (1) the trial court erroneously exercised its discretion when it denied his suppression motion.; (2) there was insufficient evidence to sustain the jury's verdict; (3) that the trial court erroneously exercised its sentencing discretion; (4) ineffective assistance of trial counsel regarding his right to

testify; (5) newly discovered evidence in the form of an affidavit from his brother; and (6) that the trial court erred by declining to make him eligible for either the challenge incarceration program or the substance abuse program. *Id.* at *1–4. The Wisconsin Court of Appeals addressed these bases for appeal and affirmed the trial court's order and judgment. *Id.* at *1.

Ames petitioned for review to the Wisconsin Supreme Court. On October 5, 2022, the Wisconsin Supreme Court denied review. ECF No. 1 at 3. Ames provides that he did not file a petition for certiorari in the United States Supreme Court. *Id.* at 4.

Now, Ames seeks habeas relief on the following two grounds: (1) that the search warrant violated his Fourth Amendment rights; and (2) newly discovered evidence. ECF No. 1 at 6–7.

2.  **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

The Court identifies two different issues with the petition that require its dismissal with leave to amend. First, as to Ames's first ground, claims for federal *habeas* relief under the Fourth Amendment are generally

barred, "so long as the state court granted [the petitioner] a full and fair hearing on the claim." *Monroe v. Davis*, 712 F.3d 1106, 1112-13 (7th Cir. 2013) (citing *Stone v. Powell*, 428 U.S. 465 (1976)). "Establishing that the petitioner was not granted a full and fair hearing is thus the means of surmounting the *Stone* bar and opening the door to federal review of the merits of the petitioner's Fourth Amendment claim." *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 395, n.5 (2007)). Ames does not appear to be claiming that he did not receive a full and fair hearing on his Fourth Amendment claim, and therefore habeas relief would not be permissible on this ground.

Second, it is unclear whether Ames's second ground for relief is intended to be a claim for newly discovered evidence or an ineffective assistance of counsel claim. Ames titles the claim as "newly-discovered evidence" but the supporting facts describe ineffective assistance of counsel. ECF No. 1 at 7. To the extent Ames is attempting to assert this new evidence as a ground for habeas relief, the law is clear that "the existence merely of newly-discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (internal quotations omitted). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id.* Federal courts are empowered to grant habeas relief only on a showing that a defendant has been denied rights guaranteed under the Constitution or laws of the United States. *Coogan v. McCaughty*, 958 F.2d 793, 801 (7th Cir. 1992).

If, however, Ames actually intended to bring an ineffective assistance of counsel claim regarding the newly discovered evidence, the Court finds that Ames has failed to exhaust this claim. A district court may

not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' July 19, 2022 order, it does not appear that the state courts had a full and fair opportunity to review a claim for ineffective assistance of counsel as it relates to newly discovered evidence. *See Ames*, 2022 WL 2813816, at *1. The Wisconsin Court of Appeals did address an ineffective assistance of trial claim as it related to Ames's right to testify and whether it was voluntarily waived. *Id.* at *3. And the court did address a claim related to newly discovered evidence; the court's decision, however, did not address anything related to ineffective assistance of counsel as it related to the new evidence. *Id.* This Court acknowledges that without viewing Ames's brief in the Wisconsin Court of Appeals and his petition to the Wisconsin Supreme Court for review, it cannot say for certain whether Ames raised the issue in the Wisconsin courts.

Page 4 of 6
Case 2:22-cv-01548-JPS   Filed 07/06/23   Page 4 of 6   Document 5

Because it is not clear what Ames's second ground for relief is based on or whether the claim was fully exhausted, the Court will allow Ames the opportunity to amend or voluntarily dismiss the petition based on the Court's guidance in this Order. If Ames has fully exhausted the claims he intends to bring and they are cognizable habeas claims, he should amend his petition. If, however, Ames has not exhausted his ineffective assistance of counsel claim as it relates to newly discovered evidence, than he can agree to dismissal of his current petition without prejudice, knowing that he will be able to refile it, subject to the statute of limitations, with his claims after he exhausts his state court remedies on this claim. The Court will wait twenty-one days. If Ames does not file an amended petition or move to dismiss his unexhausted claims voluntarily, the Court will dismiss his petition without prejudice.

Accordingly,

**IT IS ORDERED** that on or before **July 27, 2023**, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, using the form provided to him with this Order, or notify the Court whether he wishes to voluntarily dismiss his unexhausted claim. Failure to do so will result in dismissal of his action for failure to prosecute. *See* Civ. L.R. 41(c).

Dated at Milwaukee, Wisconsin, this 6th day of July, 2023.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.